Robert Wallace **MOEN**, Plaintiff,

v.

**LAS VEGAS INTERNATIONAL HOTEL, INC.**, formerly known as Nevada International Hotel, Inc., a Nevada Corporation, dba the Las Vegas Hilton, Defendant.

**Civil No. LV–2079 BRT.**

United States District Court,
D. Nevada.

Oct. 2, 1975.

Muriel D. Gund and Kermitt L. Waters, Las Vegas, Nev., for plaintiff.

Lionel, Sawyer, Collins & Wartman, Las Vegas, Nev., for defendant.

## MEMORANDUM OPINION

BRUCE R. THOMPSON, District Judge.

This action is before the Court on defendant's motion for a summary judgment. Jurisdiction is based upon diversity of citizenship. It is an action which allegedly arises under a state statute and state law applies. In essence, the plaintiff contends that in order to obtain and retain employment with defendant as a dealer in defendant's casino, he was required to pool tips received by him with tips received by other dealers and that such tips were then subject to division among the dealers and other employees, including boxmen, casino cashiers and floormen. Plaintiff contends that such a condition of employment violates NRS § 608.160, which provides as follows:

"608.160 Taking or making deduction on account of tips or gratuities unlawful; employees may divide tips or gratuities among themselves.

"1. It is unlawful for any person to:

"(a) Take all or part of any tips or gratuities bestowed upon his employees.

"(b) Apply as a credit toward the payment of the statutory minimum hourly wage established by any law of this state any tips or gratuities bestowed upon his employees.

"2. Nothing contained in this section shall be construed to prevent such employees from entering into an agreement to divide such tips or gratuities among themselves."

The foregoing statute was amended in 1971. The original Act, approved February 21, 1939 (1939 Statutes of Nevada, p. 13), provided as follows:

"CHAP. 17—An Act requiring persons who take from their employees all or any portion of any tips or gratuities, to post in a conspicuous place on their premises a notice of the terms of the contract whereby the employer or other person is to have the benefit of any such tips or gratuities; prescribing penalties for the violation thereof, and other matters properly relating hereto.

"[Approved February 21, 1939]

"WHEREAS, It has become the practice of certain employers, employing other persons in and about the conduct and operation of their business, of taking all or a portion of any tips or gratuities given to or received by such employees; and

"WHEREAS, It is the sense of this legislature that such acts tend to perpetrate a fraud or imposition upon the

public because of the employers' failure to notify the public that tips or gratuities bestowed upon employees go to the employers; and

"WHEREAS, It is the sense of the legislature that the public should be informed of any such relation, custom, or agreement between employer and employee; now, therefore,

"The People of the State of Nevada, represented in Senate and Assembly, do enact as follows:

"Section 1. Every person who takes all or any part of any tips or gratuities bestowed upon his employees, or who credits the same toward payment of his employee's wage, shall and is hereby required to post in a conspicuous place where it can be easily seen by the public, upon the premises where such employees are employed and work, a notice to the public that tips or gratuities bestowed on employees go or belong to the employer. Such notice shall contain the words, "NOTICE: Tips Given Employees Belong to Management." The letters of these words shall be in bold black type at least one inch in height.

"Sec. 2. Any person who takes all or any part of the tips or gratuities bestowed upon his employees without posting the notice required to be posted by the preceding section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars, nor more than five hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment.

"Sec. 3. This act shall be in full force and effect from and after its passage and approval."

The purpose of that statute is stated in the preamble and shows that it was passed to protect the public from possible fraud. It is quite similar to California statutory provisions enacted in 1929, the substance of which is found in West's Annotated California Codes, "Labor," Sections 350 to 356. The statute has received the attention of California courts in two reported cases. In *Anders v. State Board of Equalization,* 82 Cal. App.2d 88, 185 P.2d 883 (1947), the California District Court of Appeals concluded that even if the notice required by the statute is not given, such failure does not render void an agreement between the employer and employee to the effect that tips received by the employee, to the extent necessary, would be applied in satisfaction of the obligation to pay a legal minimum wage. This holding is pertinent to our case because it shows that the enforcement of the statute would be left to the misdemeanor penalty provisions and that failure to comply with the statute would not invalidate the employment agreement. Similarly, the discussion in *California Drive-In Restaurant Association v. Clark,* 22 Cal.App.2d 287, 140 P.2d 657 (1943), shows that under the common law of general applicability, the disposition of tips is properly a matter for contractual determination between the employer and employee.

With this background in mind, we have for determination the proper interpretation and effect of the 1971 amendment to NRS § 608.160. In making this determination, we are not aided by any reported Nevada decisions. We have, however, been referred by counsel to the action in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, entitled *"Las Vegas Casino Employees' Union, Local No. 7, et al., Plaintiffs, vs. Sahara-Nevada Corporation, dba Hotel Sahara, Defendant,"* Docket No. A139598, in which the District Court granted a summary judgment for the defendant in an action similar to the instant action and based upon the same statutory provisions. The case cited does have persuasive authority with respect to the proper interpretation of the Nevada statute.

■■ Bearing in mind the preamble to the 1939 statute, of which the 1971

statute was an amendment, we conclude that in 1971, the Nevada Legislature decided that merely requiring employers to post a notice of their agreement involving the confiscation of employees' tips was insufficient and that adequate protection of the public against the presumed fraud involved in a taking of tips or gratuities or applying any part of them against the statutory minimum hourly wage established by any law could not be obtained without an express prohibition of such practices. The Nevada Legislature, nevertheless, in subsection 2 of NRS § 608.160, recognized the propriety of an agreement for the pooling and division of tips among employees. In interpreting the 1971 statute, we note that subsection 1(a) makes it unlawful for an employer to "take" all or part of any tips or gratuities bestowed upon his "employees." The plural and not the singular is used. The statute does not say that he cannot take tips bestowed on an employee. This, in connection with the section validating pooling agreements, indicates that so long as only employees share in the tips, the statute is not violated. It indicates that a tip or gratuity need not be considered a personal donation to the employee receiving it. This is a reasonable interpretation in the light of commonly known tipping practices in the State of Nevada. There is no reason to suppose that the last person in a service line in an establishment serving the public is the only one entitled to share in the customer's bounty. For example, a busboy as well as a waitress contributes to the good service and well-being of a customer in a restaurant. Similarly, in a casino, the floormen, boxmen and cashiers all contribute to the service rendered to the player. Plaintiff's argument, which has to be predicated upon the contention that the tip handed to him becomes his personal property under NRS § 608.160, is ridiculous as applied to a crap table, for example, which normally is manned by three employees, two dealers (one of whom is a stickman) and a boxman, all of whom are active in the play of the game and the placement and paying of bets. It is ridiculous to assume that a satisfied player who hands over a tip intends it only for the particular person to whom the tip is given.

■ The evident purpose and proper interpretation of the statute is that it was enacted to prevent the taking of tips by an employer for the benefit of the employer.

■ Plaintiff here complains that his employer, as a condition of employment, required him to divide tips or gratuities among other employees. We find nothing in subdivision 2 of NRS § 608.160 to prohibit this. The subsection does not specify with whom such an agreement may be made. It does specify that only the employees can benefit. Plaintiff would have us read the statute as follows: "Nothing contained in this section shall be construed to prevent such employees from entering into an agreement with other employees to divide such tips or gratuities among themselves." An equally reasonable interpretation of the statute, which we think is the proper one in the light of well-known employment practices, is as follows: "Nothing contained in this section shall be construed to prevent such employees from entering into an agreement with the employer or with other employees to divide such tips or gratuities among the employees."

Another problem inherent in the case is whether NRS § 608.160 gives rise to a private action for damages on behalf of any employee. We note that NRS § 608.190 provides for enforcement by an action for a penalty to be prosecuted in the proper court by the District Attorney of the County at the instance of the Labor Commissioner. We also note that NRS § 608.160 is part of Chapter 608 of the Nevada Revised Statutes encompassing "compensation, wages and hours generally," and that violations of many provisions of that Chapter have a criminal sanction and are made misdemeanors, and that NRS § 608.140 specifically creates a cause of action for wages

earned and unpaid and penalties and a reasonable attorney's fee. No such provision is applicable to NRS § 608.160.

In the foregoing context, we have in mind the decision of the Nevada Supreme Court in *Hamm v. Carson City Nugget, Inc.*, 85 Nev. 99, 450 P.2d 358, in which the Supreme Court held that the Nevada Dram Shop Act, NRS § 202.-100, which prohibits any saloon keeper from selling liquor to a person who is drunk and makes such conduct a misdemeanor, does not create a cause of action in favor of the person who has been injured by the drunkard to whom liquor was unlawfully sold. In reaching that conclusion, the Supreme Court said:

> "The statute before us is but one of many in the statutory scheme regulating the sale of tobacco and intoxicating liquor to minors and drunkards. The section immediately preceding NRS 202.100 (NRS 202.070) does impose a limited civil liability upon the proprietor of a saloon who sells liquor to a minor. By providing for civil liability in one section and failing to do so in the section immediately following, the legislature has made its intention clear."

The general law, as found in decisions of the Supreme Court of the United States, is not inconsistent with the conclusion that no civil right of action should be imputed from a statute which is expressly made enforceable by a specific civil penalty or by criminal sanction. The leading cases are *Wyandotte Co. v. United States*, 389 U.S. 191, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967), and *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). In the *Wyandotte* case, the Supreme Court indicated that a civil action on behalf of private parties could be based on violation of the penal statute if the criminal liability was inadequate to ensure the full effectiveness of the statute and the plaintiffs fell within the class that the statute was intended to protect and that the harm that had occurred was of the type that the statute was intended to forestall. In

that case, the Supreme Court held that a penal statute could be a predicate for a civil action brought by the United States to recover damages for blocking a navigable waterway. In the case of *Cort v. Ash, supra,* the Supreme Court held that no private cause of action for damages was created by enactment of 18 U.S.C. § 610 which made it criminal misconduct to make certain campaign contributions. In that case, the Court called attention to the following important factors:

1. Is the plaintiff one of the class for whose especial benefit the statute was enacted?

2. Is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?

3. Is it consistent with the underlying purpose of the legislative scheme to imply such a remedy for the plaintiff?

In the *Cort* case, the Court answered all three questions in the negative. We think the same is true in this case. This plaintiff is not one of a class for whose especial benefit the statute was enacted. The legislative history shows that legislation of this type was initially passed to protect the public against a presumed fraud and that the 1971 amendment merely established greater assurance that a customer who wanted to "toke" an employee would not ultimately learn that he had merely enriched the coffers of the employer. We have already indicated the statutory framework from which we have drawn an inference of legislative intent implicitly to deny a private remedy and from which we have concluded that it is inconsistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff.

Plaintiff argues that there is a disputed issue of material fact in this case which precludes a summary judgment. He contends that there is a dispute between plaintiff and defendant with respect to whether he was required, as a condition of obtaining and retaining employment with the defendant, to agree to pool tips with other employees. We

agree that there is a dispute with respect to this issue. Our finding that summary judgment should be granted is based upon a determination that the issue is not a material one. We believe that NRS § 608.160, as properly interpreted, does not prohibit an employer from requiring an employee to pool tips *with other employees* as a condition of employment. We also believe that the Legislature of the State of Nevada did not intend, by enactment of the amendment of 1971 to NRS § 608.160, to create a private right of action in an employee and that the Legislature did intend that the sole remedy for a violation of the statute should be an action for a penalty under NRS § 608.190, subdivision (2). Accordingly,

*It hereby is ordered* that summary judgment be, and it hereby is, granted in favor of defendant and against plaintiff.