WYNN LAS VEGAS, LLC, AKA WYNN CASINO LAS VEGAS, APPELLANT, *v.* DANIEL BALDONADO; JOSEPH CESARZ; AND QUYNGOC TANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, RESPONDENTS.

No. 60358

October 31, 2013                                               311 P.3d 1179

*Kamer Zucker Abbott* and *Gregory J. Kamer* and *Bryan J. Cohen*, Las Vegas; *Gibson, Dunn & Crutcher LLP* and *Eugene Scalia* and *Porter Wilkinson*, Washington, D.C., for Appellants.

*Leon Greenberg Professional Corporation* and *Leon M. Greenberg*, Las Vegas, for Respondents.

*Catherine Cortez Masto*, Attorney General, and *Kimberly A. Arguello*, Senior Deputy Attorney General, Carson City, for Amicus Curiae State of Nevada, Department of Business and Industry, Office of the Labor Commissioner.

*Gabroy Law Offices* and *Christian J. Gabroy*, Henderson, for Amici Curiae Progressive Leadership Alliance of Nevada, Amalgamated Transit Union Local 1637, Churches of Southern Nevada, Interfaith Worker Justice, Assemblyman Paul Aizley, Assemblywoman Maggie Carlton, Assemblyman Joseph M. Hogan, and Assemblyman James Ohrenschall.

*Lemons Grundy & Eisenberg* and *Robert L. Eisenberg*, Reno, for Amicus Curiae Don Laughlin's Riverside Resort Hotel and Casino.

*Lewis & Roca LLP* and *Daniel F. Polsenberg* and *Joel D. Henriod*, Las Vegas, for Amici Curiae Nevada Resort Association and Nevada Restaurant Association.

*McCracken, Stemerman & Holsberry* and *Richard G. McCracken*, Las Vegas, for Amicus Curiae Local Joint Executive Board of Las Vegas.

*Urban Law Firm* and *Michael A. Urban* and *Shannon M. Gallo*, Las Vegas, for Amicus Curiae Transport Workers Union of America, AFL-CIO, Local 721.

Before the Court En Banc.

## OPINION

By the Court, Douglas, J.:

In this appeal, we must determine if Nevada law allows employers to require employees to pool their tips with other employees of a different rank. After considering the parties' arguments and the applicable provisions in NRS Chapter 608, we conclude that Nevada law permits the tip-pooling policy at issue here.

### FACTS AND PROCEDURAL HISTORY

Appellant, the Wynn Las Vegas, restructured its table-games department and implemented its current tip-pooling policy for its table-games employees. The Wynn eliminated several positions in the table-games department, including the vice president of table-games operations, shift manager, assistant shift manager, pit manager, and floor supervisor. After the restructure, the table-games department consisted of casino managers, assistant casino managers, casino service team leads (CSTL), boxpersons, and dealers. Under the current tip-pooling policy, all tips are gathered and divided among the dealers, boxpersons, and CSTLs.

Respondents Daniel Baldonado, Joesph Cesarz, and Quyngoc Tang (the Dealers) filed a class-action complaint with the Labor Commissioner claiming that the Wynn's restructured tip-pooling policy violated NRS 608.160, NRS 608.100, and NRS 613.120, which govern compensation and employment practices, because it required the dealers to share their tips with employees of different ranks. The Labor Commissioner denied the Dealers class-action status and dismissed all unnamed complainants from the action, citing noncompliance with NAC 607.200's requirements for filing an administrative complaint. But, the Labor Commissioner accepted all named complainants. After conducting an investigation, the Labor Commissioner determined that the Wynn's new tip-pooling policy did not violate Nevada law.

The Dealers petitioned the district court to review the Labor Commissioner's decision, pursuant to NRS 233B.130. The district court granted the petition and set aside the Labor Commissioner's decision, finding that the new tip-pooling policy violated NRS 608.160 because the policy directly benefited the Wynn. Further, the district court determined that the Labor Commissioner erred in dismissing the unnamed complainants because the Commissioner had the power to hear a class-action suit. The district court declined to review the Labor Commissioner's decisions regarding NRS 608.100 and NRS 613.120 because the court determined that its decision regarding NRS 608.160 was completely dispositive of the parties' dispute. The Wynn appealed.

We hold that the district court erred in overturning the Labor Commissioner's decision because the Wynn did not keep any of the tips from the pool; rather, the Wynn distributed the money among its employees.

## DISCUSSION

This court reviews an administrative agency's decision for an abuse of discretion. *Langman v. Nev. Adm'rs, Inc.*, 114 Nev. 203, 206-07, 955 P.2d 188, 190 (1998). However, when the case concerns statutory interpretation, this court reviews the agency's decision de novo. *Id.* at 207, 955 P.2d at 190.

### The Wynn's tip-pooling policy was lawful under NRS 608.160

The Wynn argues that the district court erred by imposing a "direct-benefit" test onto its NRS 608.160 analysis, asserting that the statute contains no such language and that prior opinions, while mentioning the benefits that an employer may gain from a tip-pooling policy, never indicated that the policy must be invalidated on the basis of those benefits. In opposition, the Dealers assert that this court has applied the "direct-benefit" test in previous

opinions; therefore, the district court did not err in applying the test to this matter.

NRS 608.160 states:

> 1. It is unlawful for any person to:
> (a) Take all or part of any tips or gratuities bestowed upon the employees of that person.
> (b) Apply as a credit toward the payment of the statutory minimum hourly wage established by any law of this State any tips or gratuities bestowed upon the employees of that person.
> 2. Nothing contained in this section shall be construed to prevent such employees from entering into an agreement to divide such tips or gratuities among themselves.

In *Moen v. Las Vegas International Hotel, Inc.*, 402 F. Supp. 157 (D. Nev. 1975), a federal district court interpreted NRS 608.160's purpose, and this court adopted the federal court's interpretation in *Alford v. Harolds Club*, 99 Nev. 670, 674, 669 P.2d 721, 723 (1983). In *Moen*, the court determined that NRS 608.160 was enacted to prevent an employer from taking its employees' tips for the employer's benefit. 402 F. Supp. at 160. Nevertheless, the court determined that an employer can collect employee tips and distribute them among other employees. *Id.* Applying this rationale, the *Moen* court found that a tip-pooling policy requiring a table dealer to share his tips with other dealers, boxpersons, casino cashiers, and floormen was valid. *See id.* at 158, 160.

The Dealers and the district court appear to believe that, in *Alford*, this court created a "direct-benefit" test which invalidates any tip-pooling policy that directly benefits the employer. We take this opportunity to clear up any confusion surrounding this issue. *Alford* did not create a "direct-benefit" test, nor do we believe that *Moen* created such a test, either. *Moen* mentioned an employer's benefit in a passing remark; however, the benefit the court appeared to reference was the keeping of the employee tips. The *Moen* court determined that NRS 608.160 "specifies that only the employees can benefit [from a tip-pooling agreement]." *Id.* at 160. After reviewing *Moen*, we framed the issue in *Alford* as whether an employer can impose a tip-pooling policy on its employees, even though the employer did not keep the tips or "reap any direct benefit from the pooling." This description was not inadvertent—it is possible that an employer, while not keeping the tips, could take them for use in a manner impermissible under the statute. However, nothing in either opinion suggests that a "direct-benefit" test should be imposed to determine whether a tip-pooling policy violates NRS 608.160. Further, if the *Moen* court intended to create the purported "direct-benefit" test, we expressly reject it. Such a test is unworkable because every tip-pooling policy directly benefits the employer in some manner.

The district court erred in determining that the Wynn's tip-pooling policy violated NRS 608.160 because the Wynn distributed all the tips to its employees. NRS 608.160 prohibits an employer from taking and keeping his or her employees' tips, but the statute does not prohibit a tip policy that splits the tips among the employees. Similar to the casino in *Moen*, the Wynn distributes the tips among its employees, keeping none for itself. This policy is in accordance with NRS 608.160 and *Moen*; thus, the district court should not have disturbed the Labor Commissioner's decision.

*The Dealers' claims under NRS 608.100 and NRS 613.120 require judicial review*

Under NRS 233B.130, "(1) [a]ny party who is: (a) [i]dentified as a party of record by an agency in an administrative proceeding; and (b) [a]ggrieved by a final decision in a contested case, is *entitled* to judicial review of the decision. . . ." (Emphasis added.)

In light of its decision that the tip-pooling policy violated NRS 608.160, the district court declined to review the Labor Commissioner's decisions regarding the Wynn's tip-pooling policy under NRS 608.100 and NRS 613.120. The Labor Commissioner's decision aggrieved the Dealers; thus, the dealers were entitled to judicial review of all of the Commissioner's decisions.[1] In accordance with NRS 233B.130, we remand this matter for the district court to review the Labor Commissioner's decisions regarding NRS 608.100 and NRS 613.120.

*The district court should have deferred to the Labor Commissioner's decision declining to grant the Dealers class-action status*

This court defers to an "agency's interpretation of its governing statutes or regulations if the interpretation is within the [statute's or regulation's language]." *Dutchess Bus. Servs. v. State, Bd. of Pharm.*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008). Under NAC 607.200, a complaint filed with the Labor Commissioner must include "[t]he full name and address of [all] complainant[s]."

The Labor Commissioner's conclusion that NAC 607.200 does not permit class actions was within the regulation's language; thus,

---

[1]The aggrieved party must satisfy certain procedural requirements to receive judicial review. *See* NRS 233B.130. The record suggests that the Dealers satisfied these requirements, and the parties do not argue otherwise.

the district court should have deferred to the Labor Commissioner's interpretation. The Labor Commissioner dismissed all unnamed complainants because they did not comply with NAC 607.200's name and address requirements. This interpretation is within the regulation's language because the regulation explicitly requires a complainant to provide his or her full name and address in his or her complaint. Further, Nevada laws do not require the Labor Commissioner to grant class certification under any circumstances. Accordingly, the district court erred in failing to defer to the Labor Commissioner's decision to decline class certification in this matter.

## CONCLUSION

We reverse the district court's order concluding that the Wynn's tip-pooling policy was invalid under NRS 608.160 and that the Labor Commissioner should have granted the Dealers class certification. Further, we remand the matter for the district court to review the Labor Commissioner's decisions regarding the validity of the Wynn's tip-pooling policy under NRS 608.100 and NRS 613.120.

PICKERING, C.J., and GIBBONS, HARDESTY, PARRAGUIRRE, CHERRY, and SAITTA, JJ., concur.