134 Nev., Advance Opinion 86

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA LOCAL GOVERNMENT EMPLOYEE-MANAGEMENT RELATIONS BOARD, Appellant, vs. EDUCATION SUPPORT EMPLOYEES ASSOCIATION; INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 14; AND CLARK COUNTY SCHOOL DISTRICT, Respondents. | No. 70586 **FILED** NOV 08 2018 |

Appeal from a district court order granting a petition for judicial review of an order of the Local Government Employee-Management Relations Board. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

*Affirmed.*

Adam Paul Laxalt, Attorney General, Gregory L. Zunino, Bureau Chief, and Donald J. Bordelove, Deputy Attorney General, Carson City,
for Appellant.

Clark County School District, Office of the General Counsel, and S. Scott Greenberg, Assistant General Counsel, Las Vegas,
for Respondent Clark County School District.

Dyer Lawrence, LLP, and Francis C. Flaherty and Sue S. Matuska, Carson City,
for Respondent Education Support Employees Association.

McCracken, Stemerman & Holsberry, LLP, and Kristin L. Martin, Las Vegas,
for Respondent International Brotherhood of Teamsters, Local 14.

---

BEFORE CHERRY, PARRAGUIRRE and STIGLICH, JJ.

## OPINION

By the Court, STIGLICH, J.:

Two labor unions have disputed which entity has the right to represent Clark County School District employees as the exclusive bargaining representative. Three elections have occurred since this dispute first arose, and in each the challenging union secured a majority of the votes cast but failed to secure a majority of the members of the bargaining unit. Following the last election, the Local Government Employee-Management Relations Board deemed the challenging union the winner of the election because the union obtained a majority of the votes cast. We take this opportunity to clarify that the vote-counting standard mandated by NRS 288.160 and Nevada Administrative Code (NAC) 288.110 is a majority of the members of the bargaining unit and not simply a majority of the votes cast. Accordingly, we affirm the district court's order granting the petition for judicial review.

## FACTUAL AND PROCEDURAL HISTORY

Education Support Employees Association (ESEA) is the recognized bargaining agent for the Clark County School District (CCSD) bargaining unit. In 2001, the International Brotherhood of Teamsters, Local 14 (Local 14) challenged ESEA's support among CCSD employees, and the Local Government Employee-Management Relations Board (Board)



found that there was a good-faith doubt as to which labor union enjoyed the support of the majority of the bargaining unit. Therefore, the Board decided an election would be held to determine which labor union would represent the majority of the CCSD bargaining unit.

Before the election was held, the Board issued an order stating: "[A]lthough the Legislature does not appear to have specifically addressed whether the majority is of 'votes cast' or 'of members of the bargaining unit' in NRS 288.160(4), NAC [288.110(10)(d)][1] does provide clear interpretation that a majority of the employees within the particular 'bargaining unit' is required." Accordingly, the Board stated its intent to require support from a majority of the employees in the bargaining unit for a labor union to be certified as the exclusive bargaining representative. ESEA and Local 14 petitioned for judicial review of the Board's pre-election order, and, on appeal, this court affirmed the Board's interpretation of the relevant statute and administrative code and the Board's use of the majority-of-the-unit standard in an unpublished order.

The election was held in 2006. The Board ultimately declared that the status quo endured, or that ESEA remained the bargaining agent, because neither union obtained the support of a majority of the members in the bargaining unit and because the government employer had not sought to withdraw its recognition of ESEA as the exclusive bargaining agent. On appeal from the district court's resolution of Local 14's petition for judicial review, this court concluded in an unpublished order that the Board was required to conduct a runoff election and that the majority-of-the-unit

---

[1]The order erroneously referenced NAC 288.160(9)(d), instead of NAC 288.110(9)(d); the NAC was amended in 2003, and the relevant subsection is now NAC 288.110(10)(d).

 

standard applied to the runoff election, unless the parties could agree to an alternative method.

The runoff election was held in 2015. The Board determined that the results of the election did not demonstrate support for a particular union by a majority of the bargaining unit and, as such, did not justify removing ESEA as the recognized bargaining agent. The Board went on to find that another runoff election was not required but that it had the discretion to hold a second runoff election. The Board stated its intent, pursuant to its discretionary as well as its implied authority, to conduct a second runoff election utilizing the majority-of-the-votes-cast standard in order to infer support by the majority of the bargaining unit.[2]

The second runoff election took place in late 2015. Local 14 again failed to secure a majority of the bargaining unit. However, because Local 14 received a majority of the votes cast, the Board stated its intent to certify Local 14 as the exclusive collective bargaining representative for CCSD employees. ESEA petitioned for judicial review, arguing that the Board exceeded its statutory authority by ordering a second runoff election with a different vote-counting standard and that the Board engaged in unlawful rulemaking in violation of Nevada's Administrative Procedures Act (APA). The district court granted the petition for judicial review, and this appeal followed.

---

[2]ESEA petitioned the district court for judicial review of the Board's order, but the district court concluded that it did not have jurisdiction over the pre-election challenge and dismissed the case without prejudice.

## DISCUSSION

*Standard of review*

The Board argues that the district court erred when it granted ESEA's petition for judicial review and asks this court to defer to its interpretation of the statute and regulation. As a general rule, this court considers petitions for judicial review as the district court does—an administrative agency's factual findings are reviewed "for clear error or an arbitrary abuse of discretion and will only [be] overturn[ed] . . . if they are not supported by substantial evidence," *City of N. Las Vegas v. Warburton,* 127 Nev. 682, 686, 262 P.3d 715, 718 (2011) (internal quotation marks omitted), and "purely legal issues, including matters of statutory and regulatory interpretation" are reviewed de novo, *UMC Physicians' Bargaining Unit of Nev. Serv. Emps. Union v. Nev. Serv. Emps. Union/SEIU Local 1107, AFL-CIO,* 124 Nev. 84, 88, 178 P.3d 709, 712 (2008). We give effect to a statute's or a regulation's plain, unambiguous language and only look beyond the plain language where there is ambiguity. *Id.* at 88-89, 178 P.3d at 712; *see also Silver State Elec. Supply Co. v. State, Dep't of Taxation,* 123 Nev. 80, 85, 157 P.3d 710, 713 (2007) ("Statutory construction rules also apply to administrative regulations."). And "[t]his court defers to an agency's interpretation of its governing statutes or regulations if the interpretation is within the statute's or regulation's language." *Wynn Las Vegas, LLC v. Baldonado,* 129 Nev. 734, 738, 311 P.3d 1179, 1182 (2013) (alterations and internal quotation marks omitted). As the issue before us hinges on the Board's interpretation of its authority to act under statutes and regulations, we independently review the legal question presented, only giving deference to the Board's interpretation if it is consistent with the legal text.



(O) 1947A

*NRS 288.160(4) and NAC 288.110*

For the second runoff election, the Board determined a different vote-counting standard was warranted and necessary to lead to meaningful results, in furtherance of the Board's statutory duty to conduct elections and resolve good-faith doubts. *See* NRS 288.160(4) ("If the Board in good faith doubts whether any employee organization is supported by a majority of the local government employees in a particular bargaining unit, it may conduct an election by secret ballot upon the question."). The Board examined NRS 288.160(4) and NAC 288.110 and concluded it had the discretionary and inherent authority to conduct a second runoff election and to utilize the majority-of-the-votes-cast standard. Specifically, the Board interpreted NAC 288.110(10)(d) to permit an inference of majority support from the bargaining unit based upon the majority of votes cast. The Board referenced federal caselaw in support of its interpretation.

We agree with the Board that, pursuant to the plain language of NRS 288.160(4), it had the authority to conduct a second runoff election. The statute provides that, if a good-faith doubt exists, the Board may conduct an election to resolve the question of which employee organization "is supported by a majority of the local government employees in a particular bargaining unit." *Id.* The language does not limit the Board's discretion to conduct multiple elections. And while NAC 288.110(7) provides that "[i]f the results [of the election] are inconclusive, the Board will conduct *a* runoff election" (emphasis added), we agree with the Board's interpretation that the administrative code appears to require only a single runoff election when the results are inconclusive. Thus, the second runoff election was not mandated but was properly conducted pursuant to the Board's discretion to resolve any good-faith doubt.

 

However, we are unable to subscribe to the Board's interpretation of the statute and regulation as allowing for a vote-counting standard that permits an inference of support by the majority of the unit based upon a majority of the votes cast. NRS 288.160 provides different means by which an employee organization may obtain recognition as the exclusive bargaining agent of government employees in a bargaining unit. *See, e.g.*, NRS 288.160(2) (providing that if an organization is recognized by the government employer and if the organization "presents a verified membership list showing that it represents a majority of the employees in a bargaining unit," the organization is the exclusive, recognized bargaining agent); NRS 288.160(5) (providing for a representative election, pursuant to the parties' agreement, to determine whether an organization represents the majority of the employees in the bargaining unit). Each method requires support by, or representation of, the *majority of employees in the bargaining unit* before an organization is recognized as the exclusive bargaining agent. *See generally* NRS 288.160.[3] For recognition by election, NRS 288.160(4) states that the Board "may conduct an election" to discern "whether any employee organization is supported by a majority of the local government employees in a particular bargaining unit." Per the statute's plain language, the standard is support by a *majority of employees in a bargaining unit*.

And should there be any doubt left as to the standard to be used at an election, the Board's own governing administrative code dispels all

---

[3]The statute and administrative code also provide methods by which an organization's recognition may be withdrawn. *See, e.g.*, NRS 288.160(3); NAC 288.146. At issue in this opinion is the Board's intent to recognize Local 14 as the exclusive bargaining agent after an election held pursuant to NRS 288.160(4).

SUPREME COURT
OF
NEVADA

(O) 1947A

uncertainty. NAC 288.110(10)(d) plainly states that: "An employee organization will be considered the exclusive bargaining agent for employees within a bargaining unit, pursuant to an election, if . . . [t]he election demonstrates that the employee organization is supported by *a majority of the employees within the particular bargaining unit*." (Emphasis added.) Thus, the regulation unambiguously provides that an employee organization will be the exclusive bargaining agent if it obtains the support of a majority of the bargaining unit at an election. Neither the statute nor the regulation reference the majority of votes cast in an election but both resoundingly reference the majority of employees within a bargaining unit.[4] Therefore, as the Board's interpretation to allow for a majority-of-the-votes-cast standard contradicts its own regulation, the Board's interpretation was in error.[5] *See United States v. State Engineer*, 117 Nev. 585, 589-90, 27 P.3d 51, 53 (2001) ("An administrative agency's interpretation of a regulation or statute does not control if an alternative reading is compelled by the plain language of the provision." (alterations and internal quotation marks omitted)).

---

[4]Because of the clear language of the statute and regulation, we reject the Board's argument that the use of the word "demonstrate" allows an inference of support by the majority of the bargaining unit based on the majority of votes cast.

[5]We reject any argument that the Board could change its mind and return to a majority-of-the-votes-cast standard based upon evidence of an unworkable standard. The Board may refer to its use of the higher standard as an experimental interpretation, but the plain language dictates that the majority-of-the-unit standard be used for elections conducted pursuant to NRS 288.160 and NAC 288.110(10)(d).

The Board contends that it properly exercised its authority to fill in gaps in the statutes it administers.[6] But it is well settled "that where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction." *State Farm Mut. Auto. Ins. Co. v. Comm'r of Ins.*, 114 Nev. 535, 540, 958 P.2d 733, 736 (1998) (alteration and internal quotation marks omitted); *see also Randono v. CUNA Mut. Ins. Grp.*, 106 Nev. 371, 374, 793 P.2d 1324, 1326 (1990) ("[W]here there is no ambiguity . . . there is no opportunity for . . . construction and the law must be followed regardless of result."). This is true "even if the statute is impractical." *Id.* As the rules of statutory construction also apply to regulations, *see Silver State Elec.*, 123 Nev. at 85, 157 P.3d at 713, and as we have concluded that the language is plain and unambiguous, there were no gaps for the Board to fill. The Board must adhere to the clear language, irrespective of the outcome.[7]

## CONCLUSION

The Board's interpretation of NRS 288.160(4) and NAC 288.110 as allowing for the use of a majority-of-the-votes-cast standard at a

---

[6]The Board also argues that it had the authority to utilize the majority-of-the-votes-cast standard because the Legislature authorized it to make rules regarding "[t]he recognition of employee organizations." NRS 288.110(1)(c). Regardless of the Board's authority to make rules, the Board's ruling in this matter conflicts with its established regulation. *See State Engineer*, 117 Nev. at 589-90, 27 P.3d at 53.

[7]To the extent the Board relied upon Ninth Circuit Court of Appeals caselaw, this court is not bound by decisions of the federal circuit court of appeals. *See Blanton v. N. Las Vegas Mun. Court*, 103 Nev. 623, 633, 748 P.2d 494, 500 (1987). We are, however, bound by the rules of statutory construction.

discretionary, runoff election cannot be found within the plain language of the statute or the regulation. Rather, the statute and regulation are clear that the majority-of-the-unit standard be utilized. Therefore, we affirm the district court order granting the petition for judicial review.[8]

_____, J.
   Stiglich

We concur:

_____, J.
Cherry

_____, J.
Parraguirre

_____

[8]ESEA urges this court to apply the doctrine of law of the case. This is the first time in this litigation that we have been called upon to review the Board's decision to certify a bargaining representative after a discretionary runoff election where a majority-of-the-votes-cast standard was utilized. We note that we examined NRS 288.160 and NAC 288.110 previously and concluded, as we do today, that the plain language mandates the use of the majority-of-the-unit standard. However, we reach our conclusion today independent of any prior order.