139 Nev., Advance Opinion 27

IN THE SUPREME COURT OF THE STATE OF NEVADA

NOUNE DAVITIAN-KOSTANIAN,
Appellant,
vs.
VAROUJAN KOSTANIAN,
Respondent.

No. 84086

**FILED**

AUG 31 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion to modify alimony and to reinstate child support. Eighth Judicial District Court, Family Division, Clark County; Vincent Ochoa, Judge.

*Affirmed in part, reversed in part, and remanded.*

Pecos Law Group and Jack W. Fleeman and Bruce I. Shapiro, Henderson, for Appellant.

Smith Jain Stutzman and Radford J. Smith and Kimberly A. Stutzman, Henderson, for Respondent.

BEFORE THE SUPREME COURT, HERNDON, LEE, and PARRAGUIRRE, JJ.

*OPINION*

By the Court, HERNDON, J.:

In this opinion, we address the district court's jurisdiction to determine and award child support to a handicapped child beyond the age of majority. Relying on NRS 125C.0045(1)(a), the district court in the

23-28546

proceedings below found that it lacked jurisdiction to award support for the parties' adult handicapped child because he had reached the age of majority and support payments for him had previously ceased. We conclude that, while NRS 125C.0045(1)(a) generally requires that modifications to child support be made while the child is still a minor, NRS 125B.110 creates a statutory exception for adult handicapped children in certain circumstances. Thus, we conclude that the district court erred in finding that it did not have jurisdiction to reinstate support as to the child.

We conclude, however, that the district court did not abuse its discretion in denying a request to modify alimony. In this, we clarify that while a 20-percent change in monthly income may constitute a change in circumstances under NRS 125.150(8), it does not compel the district court to make a modification. Rather, it merely permits the court to determine, in its discretion, whether modifying alimony is appropriate. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

*Underlying divorce and relevant portions of the divorce decree*

After more than 25 years of marriage, appellant Noune Davitian-Kostanian and respondent Varoujan Kostanian entered into a stipulated divorce decree in February 2012. Pursuant to the decree, Varoujan paid Noune alimony from November 1, 2011, through October 1, 2021.

At the time of divorce, the parties' youngest child, Alex Kostanian, was still a minor. The decree provided that the parties would share legal custody and required them to consult with an autism specialist for "recommendations as related to autism treatment which may be necessary." The decree also stated that the district court would retain jurisdiction over whether treatment should be implemented and on what

SUPREME COURT
OF
NEVADA

2

was recommended for Alex until he "reaches the age of majority." As for child support, Varoujan was ordered to pay Noune $1,010 per month for Alex until he turned 18 or, if he was still attending high school at that time, until he graduated high school or turned 19.

Alex turned 18 in 2015, and child support payments ceased. Pursuant to the divorce decree, Varoujan's obligation to pay alimony ended on October 1, 2021.

*Noune's motion to modify and the district court's order*

One day before Varoujan's alimony payment obligation expired, Noune filed the underlying motion requesting, among other things, to modify the alimony payment schedule and reinstate child support payments. After a hearing, the court issued an order denying Noune's motion. The court determined that it lacked jurisdiction over Noune's request for child support because Alex had already reached the age of majority. The court further found that it lacked jurisdiction to consider Noune's request because she did not bring her motion while Alex was still receiving child support payments. The court also denied Noune's request for continued alimony because it determined that there was not a change in circumstances warranting modification under NRS 125.150(8). This appeal followed.

## DISCUSSION

*The district court has jurisdiction to award adult child support after the age of majority under NRS 125B.110*

Noune argues that the district court erred in determining that it lacked jurisdiction to order child support beyond the age of majority. Noune contends that the district court had jurisdiction under NRS 125B.110, as the statute authorizes continuing support for handicapped adult children in some circumstances.

The district court's interpretation and construction of a statute presents a question of law that this court reviews de novo. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) (citing *City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003)). "When interpreting a statute, we look first to its plain language." *Id.* at 370, 252 P.3d at 209. "If a statute's language is plain and unambiguous, we enforce the statute as written, without resorting to the rules of construction." *Smith v. Zilverberg*, 137 Nev. 65, 72, 481 P.3d 1222, 1230 (2021) (citing *Local Gov't Emp.-Mgmt. Relations Bd. v. Educ. Support Emps. Ass'n*, 134 Nev. 716, 718, 429 P.3d 658, 661 (2018)).

Generally, a parent's court-ordered child support obligation ends when the child reaches the age of majority. *Edgington v. Edgington*, 119 Nev. 577, 582, 80 P.3d 1282, 1286 (2003); *see also* NRS 125C.0045(9)(b). However, the Nevada Legislature created an exception with NRS 125B.110(1):

> A parent shall support beyond the age of majority his or her child with a handicap until the child is no longer handicapped or until the child becomes self-supporting. The handicap of the child must have occurred before the age of majority for this duty to apply.

We conclude that the district court erred when it found it lacked jurisdiction to make a post-majority child support order. In rejecting Noune's motion, the district court incorrectly determined that it could not consider her request for support pursuant to NRS 125B.110(1) because NRS 125C.0045(1)(a) requires that any modifications to a child support order be made while the child is still a minor. The district court also incorrectly found that "once a child reaches the age of majority and support payments cease, a parent cannot then request support payments for a disabled adult

child." The plain language of NRS 125B.110 explicitly provides for child support "beyond the age of majority" in certain circumstances. *See Edgington*, 119 Nev. at 582, 80 P.3d at 1286 (acknowledging that NRS 125B.110 is a statutory exception to the general rule that child support obligations cease when the child reaches the age of majority). And while the statute explains that the child's handicap "must have occurred before the age of majority," NRS 125B.110(1) does not place any limits on when the district court may order a parent to provide such support. By enacting NRS 125B.110, the Legislature furthered Nevada's policies "[t]o encourage parents to share the rights and responsibilities of child rearing," NRS 125C.001(2), and "improve the circumstances of disabled citizens" so that an individual's worth is not tied to their physical or mental handicap. *Edgington*, 119 Nev. at 586, 80 P.3d at 1289 (quoting *McKay v. Bergstedt*, 106 Nev. 808, 825, 801 P.2d 617, 628 (1990)). When the district court read NRS 125B.110 as constrained by NRS 125C.0045(1)(a), it ignored the plain language of the statute and undermined the legislative intent and the policies underlying NRS 125B.110.

The district court also found that because over five years had passed since Alex last received child support payments, the court could no longer award child support. However, the time gap itself does not serve as a bar; rather, it is simply a factor for the district court to consider, as impairments can change over time. *See* NRS 125B.110(1) (acknowledging that a child can become self-supporting despite being diagnosed with a handicap). The plain language of NRS 125B.110 does not require the movant to immediately seek continuing child support when the child reaches the age of the majority, nor does it impose a time limit for a parent or dependent adult child to seek a support order. Indeed, courts in

SUPREME COURT
OF
NEVADA

jurisdictions with analogous laws have made similar observations. *See, e.g.,* *Hastings v. Hastings,* 841 So. 2d 484, 486 (Fla. Dist. Ct. App. 2003) (providing that a dependent adult child has standing to seek support from his parents "at any time [because] the parents remain responsible for support throughout the dependency, and throughout their lives"); *Stern v. Stern,* 473 A.2d 56, 62-63 (Md. Ct. Spec. App. 1984) (rejecting the contention that an emancipated child could not become dependent again due to a mental or physical infirmity). Thus, we conclude that the district court erred in finding that it lacked jurisdiction to order adult child support for Alex.[1]

*The district court failed to make the necessary findings under NRS 125B.110*

"This court reviews the district court's decisions regarding child support for an abuse of discretion." *Rivero v. Rivero,* 125 Nev. 410, 438, 216 P.3d 213, 232 (2009), *overruled on other grounds by Romano v. Romano,* 138 Nev. 1, 501 P.3d 980 (2022). "An abuse of discretion occurs when no reasonable judge could reach a similar conclusion under the same circumstances." *Leavitt v. Siems,* 130 Nev. 503, 509, 330 P.3d 1, 5 (2014).

---

[1]This result is also consistent with cases from other jurisdictions. *See, e.g., Miller v. Ark. Office of Child Support Enf't,* 458 S.W.3d 733, 738-39 (Ark. Ct. App. 2015) (holding that child support did not automatically terminate for a disabled adult child even though three years had passed since he reached the age of majority); *Koltay v. Koltay,* 667 P.2d 1374, 1377 (Colo. 1983) (compiling cases and holding that the district court has "continuing jurisdiction to order post-minority support for a disabled child" even after the original support obligation ended); *cf. Fernandez v. Fernandez,* 306 So. 3d 1013, 1016-17 (Fla. Dist. Ct. App. 2020) (concluding that the court has jurisdiction to consider an adult child's request for support made after the parent's support obligation pursuant to the divorce decree concluded).

When evaluating a request for adult child support, NRS 125B.110 requires the district court to make several findings. First, the district court must find whether the adult child is handicapped from an impairment that occurred as a child. *See* NRS 125B.110(1) ("The handicap of the child must have occurred before the age of majority."); *Edgington*, 119 Nev. at 586, 80 P.3d at 1289 (defining an "impairment" as "any physical or mental . . . limitation that can be determined by medically accepted diagnostic techniques"). Then, the district court must find whether the child is unable to be financially self-supporting.[2] *Edgington*, 119 Nev. at 585-86, 80 P.3d at 1288-89. Finally, the district court must find whether there is a causal relationship between the child's impairment and the child being incapable of engaging in substantial gainful activity. *Id.* at 585-87, 80 P.3d at 1288-89 (defining "substantial gainful activity" as "work activity that results in the child being financially self-supporting"); *see also* NRS 125B.110(4) (explaining that a "handicap" for purposes of the statute requires that the adult child be unable "to engage in any substantial gainful activity *by reason of*" their impairment (emphasis added)).

Since the district court here determined that it lacked jurisdiction to consider any request for adult child support, it did not make the requisite findings as to whether Alex is entitled to continuing support pursuant to NRS 125B.110. Without such factual findings, this court's ability to conduct "meaningful appellate review, even a deferential one, is hampered because we are left to mere speculation." *Jitnan v. Oliver*, 127

---

[2]Other sources of income, such as public assistance, may make the child self-supporting. NRS 125B.110(2).

Nev. 424, 433, 254 P.3d 623, 629 (2011); *see also Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance."). Accordingly, on remand the district court must consider Noune's motion and make appropriate factual findings.

*Noune did not demonstrate that there was a change in circumstances to warrant modifying the parties' alimony agreement*

Noune argues that, when considering her alimony request pursuant to NRS 125.150, the district court improperly considered only whether Varoujan's income had changed by 20 percent or more and did not consider whether her obligation to care for Alex, coupled with the realities of her losing alimony payments, constituted a change in circumstances warranting modification. Varoujan argues that Noune did not address any factors set forth in NRS 125.150 to warrant extending alimony and that her request was deficient on its face.

"This court reviews district court decisions concerning divorce proceedings," such as spousal support, "for an abuse of discretion." *Williams v. Williams*, 120 Nev. 559, 566, 97 P.3d 1124, 1129 (2004); *Gilman v. Gilman*, 114 Nev. 416, 422, 956 P.2d 761, 764 (1998) (reviewing a district court ruling on a motion to modify alimony for an abuse of discretion). Furthermore, this court will not disturb the district court's rulings if they are supported by substantial evidence, which is "that which a sensible person may accept as adequate to sustain a judgment." *Williams*, 120 Nev. at 566, 97 P.3d at 1129.

NRS 125.150(8) provides that unaccrued alimony payments "*may* be modified upon a showing of changed circumstances." (Emphasis added.) The statute further directs the court to analyze any factors "the court considers relevant," including changes to "the income of the spouse who is ordered to pay alimony," specifying that "a change of 20 percent or more in the gross monthly income of [the paying spouse] shall be deemed to constitute changed circumstances requiring a *review* for modification of the payments of alimony." NRS 125.150(8), (12) (emphasis added); *see also Siragusa v. Siragusa*, 108 Nev. 987, 994-96, 843 P.2d 807, 812-13 (1992) (concluding that a paying spouse's discharged property settlement obligation, which affected the finances of both spouses, was a "changed circumstance" for purposes of modifying alimony).

We conclude that the district court did not abuse its discretion in denying Noune's motion to modify alimony. Noune's only arguments for a change of circumstances are that Varoujan's income has increased significantly and that she now needs to care for Alex as a disabled adult child without receiving child support from Varoujan. Yet, the record shows that Noune failed to provide adequate evidentiary support for her claims.[3] Even assuming that Noune demonstrated a change in circumstances, the plain language of the statute only requires the district court to "review" an

---

[3]The record also shows that Noune did not demonstrate that there was "mistake, fraud, collusion, accident, or some other ground of like nature," to warrant changing the parties' stipulated alimony award. *See Citicorp Servs., Inc. v. Lee*, 99 Nev. 511, 513, 665 P.2d 265, 266 (1983) ("A stipulation may be set aside upon a showing that it was entered into through mistake, fraud, collusion, accident or some ground of like nature.").

existing alimony payment schedule upon such a showing. *See* NRS 125.150(12); *Zilverberg*, 137 Nev. at 72, 481 P.3d at 1230 (providing that this court will generally enforce a statute's plain language). Indeed, the statute ultimately commits the matter to the district court's discretion, providing that the court "may" modify spousal support upon a showing of changed circumstances. NRS 125.150(8).

The record supports the court's finding that Noune failed to show a change in circumstances warranting modification. Moreover, the record otherwise demonstrates that the court properly considered multiple factors in making its decision. Thus, we conclude that the court did not abuse its discretion in denying Noune's request to modify spousal support.

## CONCLUSION

Nevada's handicapped child support statute, NRS 125B.110, creates a statutory exception to the general rule under NRS 125C.0045(1)(a)'s requirement that modification to child support orders may be made only while the child is still a minor. Thus, we conclude that the district court erred in determining that it lacked jurisdiction to consider Noune's request for adult child support. Moreover, while a change in monthly income may constitute a change in circumstances under NRS 125.150(8) that authorizes the district court to review a request to modify alimony, it does not require modification. Here, we conclude that the district court acted within its discretion in denying the request to modify alimony.

Accordingly, we reverse and remand the district court's order denying adult child support and affirm its denial of the request to modify alimony.

_____, J.
Herndon

We concur:

_____, J.
Lee

_____, J.
Parraguirre