DAVID EADS, Appellant, v. THE STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada, Respondent.

No. 23566

July 29, 1993                                            857 P.2d 13

*King, Clark, Gross & Sutcliffe, Ltd.*, Las Vegas, for Appellant.

*R. Scott Young,* General Counsel, and *William A. Zeigler,* Associate General Counsel, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant David Eads was injured at work and received a nineteen percent lump sum permanent partial disability (PPD) award. Eads' case was eventually reopened and Eads received an additional sixteen percent PPD award which the appeals officer determined could be taken by Eads in either a lump sum or installments. The State Industrial Insurance System (SIIS) petitioned for judicial review, contending that the appeals officer violated NRS 616.607(1)(c) in allowing Eads to accept PPD awards *totalling in excess of twenty-five percent in lump sum* payments. The district court agreed and we conclude that SIIS and the district court were correct. We therefore affirm.

### FACTS

On August 23, 1984, Eads sustained a work-related industrial injury when the ladder upon which he was climbing collapsed, causing Eads to fall twenty feet to the ground. After various medical treatments, Eads was evaluated for PPD by SIIS's medical advisor, Dr. James Laird. Dr. Laird recommended a nineteen percent PPD award and Eads accepted the award in a lump sum payment.

In November 1986 Eads requested, and SIIS was ultimately required, to reopen his claim. After another course of treatment, Eads' condition was reevaluated by Dr. Richard Kudrewicz. Dr.

Kudrewicz recommended that Eads receive a sixteen percent PPD award over and above the nineteen percent PPD award Eads originally accepted. An appeals officer affirmed the additional award and ruled that Eads could receive the award in either a lump sum or installments.

Convinced that the appeals officer had ruled erroneously concerning the availability of a lump sum payment that would total more than twenty-five percent, SIIS petitioned the district court for judicial review. SIIS contended that NRS 616.607(1)(c) limited a single injury, lump sum payout to a maximum of twenty-five percent. The district court affirmed the additional award, but determined that the original nineteen percent award was merely a misevaluation of what should have been a thirty-five percent award. Accordingly, the district court partially reversed the decision of the appeals officer, ruling that Eads' award in excess of twenty-five percent had to be taken in installments rather than a lump sum. Eads thereafter appealed to this court.

## DISCUSSION

District court review of an administrative agency decision is restricted to the agency record. Moreover, the district court may decide purely legal questions without deference to the agency determination, SIIS v. Khweiss, 108 Nev. 123, 126, 825 P.2d 218, 220 (1992), and may also undertake an independent review of the administrative construction of a statute. American Int'l Vacations v. MacBride, 99 Nev. 324, 326, 661 P.2d 1301, 1302 (1983). However, "an agency's conclusions of law which are closely related to the agency's view of the facts are entitled to deference and should not be disturbed if they are supported by substantial evidence." *Khweiss,* 108 Nev. at 126, 825 P.2d at 220.

NRS 616.607(1)(c) provides that an injured worker may receive a disability award of up to and including twenty-five percent in a lump sum.[1] However, the statute also specifies that all sums in excess of twenty-five percent are to be paid in installments. We conclude that the statute is facially clear in its application to one "who incurs *a disability* that exceeds 25 percent." (Emphasis added.)

---

[1] NRS 616.607(1)(c) states:

(c) Any claimant injured on or after July 1, 1981, who incurs a disability that exceeds 25 percent may elect to receive his compensation in a lump sum equal to the present value of an award for a disability of 25 percent. If the claimant elects to receive compensation pursuant to this paragraph, the insurer shall pay in installments to the claimant that portion of the claimant's disability in excess of 25 percent.

Eads does not contend that the additional award of sixteen percent represents compensation for a new or aggravated injury; rather, it is merely an addition to the first award granted after further treatment and a reevaluation of the original disability. The combination of the two awards totaling thirty-five percent thus reflect, as the district court found, an upward adjustment to the previously inadequate award for the single industrial injury which occurred on August 23, 1984. *See* NRS 616.625. Since Eads' PPD award increased from nineteen percent to thirty-five percent for the same disability, the lump sum payment available to Eads may not exceed the twenty-five percent limit specified in NRS 616.607.

Eads resorts to Nev. Indus. Comm'n v. Peck, 69 Nev. 1, 11, 239 P.2d 244, 248 (1952), in support of the proposition that this court should liberally construe the statute in favor of his position. He notes that "[a] reasonable, liberal and practical construction is preferable to a narrow one, since these acts are enacted for the purpose of giving compensation, not for the denial thereof." *Id.* This court's policy of liberally construing workmen's compensation statutes in favor of the injured worker may not be used to alter the clear meaning of any such statute. Moreover, SIIS is not attempting to deprive Eads of his duly awarded benefits. SIIS is simply complying with the law which allows Eads to accept up to twenty-five percent of his PPD award in a lump sum payment and the remainder in installments. Eads will thus receive his full entitlement in accordance with the plain dictates of NRS 616.607(1)(c).

For the reasons discussed above, we conclude that where, as here, an injured worker's case is reopened for further treatment and evaluation of the original disability, NRS 616.607(1)(c) applies to the combined disability allowance and limits any lump sum payments to a total of twenty-five percent.[2] All entitlements in excess of the twenty-five percent must be paid in installments as provided by the statute.

The judgment of the district court is affirmed.

----

[2]Eads has not raised as an issue the extent or circumstances, if any, under which NRS 616.607(6) may affect the twenty-five percent limitation set forth in NRS 616.607(1)(c). We therefore express no opinion on the matter.