THE STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, APPELLANT, *v.* LINDA PREWITT, AND SOUTHLAND CORPORATION, D/B/A 7-ELEVEN (16), RESPONDENTS.

No. 27966

May 22, 1997                           939 P.2d 1053

*Lenard Ormsby,* General Counsel, *Wilbur W. Jennings,* Associate General Counsel, *Roger P. Croteau,* Associate General Counsel, State Industrial Insurance System, Carson City, for Appellant.

*Clark & Hunt,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

On August 9, 1994, William Prewitt was shot and killed while working as a part-time clerk for a 7-Eleven convenience store in Las Vegas. Mr. Prewitt had been a part-time clerk at 7-Eleven for four years, where he earned approximately one-third of his annual income. The remainder of Mr. Prewitt's income was derived from his full-time employment as a serviceman in the United States Air Force.

Mr. Prewitt's spouse, respondent Linda Prewitt, filed a claim for death benefits with the State Industrial Insurance System ("SIIS"). On August 26, 1994, SIIS sent Mrs. Prewitt a written determination indicating that it would base its calculation of death benefits on Mr. Prewitt's 7-Eleven wages without regard to remuneration realized by Mr. Prewitt from his employment in the Air Force.

Mrs. Prewitt requested a recalculation of benefits, asserting that the earnings of her deceased husband as a serviceman in the Air Force should be included as "concurrent" wages in the calculation of his average monthly wage. SIIS refused the request, and Mrs. Prewitt appealed the determination to the Department of Administration. On November 3, 1994, a hearing officer reversed the SIIS determination and ordered recalculation of the death benefits based upon Mr. Prewitt's total earnings, including remuneration received from his federal employment.

On November 30, 1994, SIIS filed a request for a hearing before an appeals officer to challenge the hearing officer's decision. On April 21, 1995, the appeals officer affirmed the hearing officer's decision, concluding that the federal government was an employer subject to the provisions of the Nevada Industrial Insurance Act ("NIIA") for purposes of calculating death benefits. In May 1995, in the district court, SIIS filed a petition for judicial review of the appeals officer's decision and a motion for a partial stay pending appeal. The district court entered the partial stay and, in December 1995, affirmed the decision of the appeals officer. SIIS appeals the district court's order, arguing that the calculation of death benefits payable to a surviving spouse does not include concurrent remuneration from a deceased's employment with the federal government.

We conclude that the appeals officer erred. Therefore, we reverse the district court's order affirming the appeals officer's decision.

## DISCUSSION

The appeals officer concluded that, as a matter of law, the

federal government is not excluded from the definitions of "average monthly wage" and "employer" set forth in NRS 616.027[1] and NRS 616.090, respectively, and, therefore, is subject to the NIIA. The appeals officer also concluded that the fact that the federal government does not pay industrial insurance premiums is an insufficient basis to exclude federal government earnings from the death benefit determination.

The facts of this case are not in dispute. The question before the court is whether the appeals officer properly interpreted and applied the workers' compensation statutes applicable to this case. Questions of law are reviewed de novo. SIIS v. United Exposition Services Co., 109 Nev. 28, 30, 846 P.2d 294, 295 (1993). "[A] reviewing court may undertake independent review of the administrative construction of a statute." American Int'l Vacations v. MacBride, 99 Nev. 324, 326, 661 P.2d 1301, 1302 (1983).

NRS 616.615 provides that the surviving spouse of a deceased employee is entitled to receive death benefits. It states in relevant part,

> If an injury by accident arising out of and in the course of employment causes the death of an employee in the employ of an employer, within the provisions of this chapter, the compensation is known as a death benefit, and is payable as follows:
>
> . . . .
>
> 2. To the surviving spouse of the deceased employee, 66 2/3 percent of the average monthly wage . . . .

Thus, the basis upon which benefits are calculated under the NIIA is a determination of a deceased employee's "average monthly wage." NRS 616.027 defines "average monthly wage," providing in part:

> 1. Except as otherwise provided in subsection 3, "average monthly wage" means the lesser of:
>
> (a) The monthly wage actually received or deemed to have been received by the employee on the date of the accident or injury to the employee, *excluding remuneration from employment*:
>
> (1) Not subject to the Nevada Industrial Insurance Act or the Nevada Occupational Diseases Act; and
>
> (2) For which coverage is elective, but has not been elected; . . . .

---

[1]The NIIA provisions in effect at the time of the district court's decision have since been replaced by NRS Chapters 616A-616D.

(Emphasis added.)

The language of NRS 616.027 clearly excludes remuneration from employment not subject to the NIIA *and* for which coverage has not been elected. The federal government has not elected coverage in the instant matter. Thus, the issue to be decided is whether the federal government is subject to the NIIA under NRS 616.027(1)(a)(1).

SIIS argues that federal employment is not subject to the NIIA because the federal government is not included in the definition of "employer" set forth in NRS 616.090. NRS 616.090 provides:

> "Employer" Means:
>
> 1. The state, and each county, city, school district, and all public and quasi-public corporations therein without regard to the number of persons employed.
>
> 2. Every person, firm, voluntary association, and private corporation, including any public service corporation, which has in service any person under a contract of hire.
>
> 3. The legal representative of any deceased employer.

SIIS contends that the omission of the federal government from the definition of employer evinces the legislature's intent to exclude federal employers from the definition. Mrs. Prewitt argues that the omission of the federal government from the definition of employer is irrelevant and that this court should conclude that the federal government is an employer in Nevada subject to the NIIA for the purpose of calculating the average monthly wage.

We are persuaded by SIIS' argument. This court has consistently upheld the plain meaning of the statutory scheme in workers' compensation laws. "This court's policy of liberally construing workers' compensation statutes in favor of the injured worker may not be used to alter the clear meaning of any such statute." Eads v. SIIS, 109 Nev. 733, 736, 857 P.2d 13, 15 (1993). The "general rule of statutory construction . . . cannot justify the inclusion in a statutory scheme of a substantive right that cannot be supported by any fair reading of the statutory scheme." Weaver v. SIIS, 104 Nev. 305, 306, 756 P.2d 1195, 1196 (1988); *see also* NRS 616.012.[2] We conclude that because

---

[2]NRS 616.012 provides in relevant part:

The legislature hereby determines and declares that:

. . . .

2. A claim for compensation filed pursuant to the provisions of this chapter or chapter 617 of NRS must be decided on its merit and not according to the principle of common law that requires statutes governing workers' compensation to be liberally construed because they are remedial in nature; . . . .

the legislature specifically defined employer without including any limiting language such as "including, but not limited to," the legislature intended the statute to be exclusive. Accordingly, we conclude that the federal government is not an employer defined in NRS 616.090 and is not subject to the provisions of the NIIA for purposes of calculating the average monthly wage.

The appeals officer concluded that no rational basis exists for including wages from concurrent employment by self-insured employers pursuant to NAC 616.688[3] while excluding concurrent employment wages from the federal government. Thus, the appeals officer found that the fact that the federal government does not pay industrial insurance premiums is irrelevant to the determination of whether the federal government is subject to the NIIA. We disagree. The rationale behind the policy of covering workers employed by self-insured entities is to protect Nevada's workers while spreading the insurance risk among employers. A self-insured employer "pays" into the system by assuming the risk when an employee is injured in the course of his or her employment with the self-insured entity. The federal government does not assume a similar risk. We conclude that permitting federal employment wages to be considered in the calculation of the "average monthly wage" does not further the policy underlying the NIIA.[4]

For the reasons set forth above, we conclude that the appeals officer erred as a matter of law in her interpretation and application of NRS 616.027 and NRS 616.090. Accordingly, we reverse the order of the district court and remand this matter with instructions that the district court enter an order reversing the appeals officer's decision and adopting SIIS' calculation of death benefits.

---

[3]NAC 616.688 provides:

> The average monthly wage of an employee who is employed by two or more employers covered by the system or by a plan of self-insurance on the date of a disabling accident or disease is equal to the sum of the wages earned or deemed to have been earned at each place of employment.

[4]We also note that the Veterans Administration pays Mrs. Prewitt $1,100.00 per month in death benefits.