SILVER STATE ELECTRIC SUPPLY CO., A NEVADA CORPORATION, APPELLANT, v. THE STATE OF NEVADA EX REL. DEPARTMENT OF TAXATION, RESPONDENT.

No. 45630

May 3, 2007

157 P.3d 710

*John S. Bartlett*, Carson City, for Appellant.

*Catherine Cortez Masto*, Attorney General, and *Dianna Hegeduis*, Senior Deputy Attorney General, Carson City, for Respondent.

Before the Court EN BANC.

## OPINION[1]

By the Court, GIBBONS, J.:

In this appeal, we consider whether NAC 360.452 exceeds the scope of NRS Chapter 360. NRS 360.395 directs a person to pay a tax determination amount before seeking judicial review of a final Nevada Tax Commission decision. In lieu of immediately paying the determination amount, however, NRS 360.395 allows the entity to enter into an agreement to pay that amount at a later date. The type of agreement permitted under this statute is further described by regulation, NAC 360.452. NAC 360.452(1) provides that the agreement must be in writing, personally guaranteed by a responsible person, and accompanied by an initial payment. Because NAC 360.452 permissibly requires a responsible person to personally guarantee an agreement amount required by NRS 360.395(1), we affirm the district court's order dismissing appellant Silver State Electric Supply Co.'s petition for judicial review for Silver State's failure to comply with NRS 360.395.

### FACTUAL BACKGROUND

The Nevada Department of Taxation (Tax Department) determined in June 2001 that Silver State owed approximately $200,000 in sales tax and consequently sent Silver State a notice of deficiency determination. Silver State petitioned for redetermination and requested a hearing. Following a hearing, a hearing officer upheld the Tax Department's deficiency determination. Silver State administratively appealed the decision to the Nevada Tax Commission, which affirmed the decision. Silver State then petitioned for judicial review of the Tax Commission's decision.

The Tax Department moved to dismiss Silver State's petition because Silver State failed to satisfy NRS 360.395(1)'s direction. It contended that NRS 360.395(1) requires a person, before seeking judicial review, to pay the amount of the determination or enter into a written agreement with the Tax Department to do so.

Meanwhile, the Tax Department determined that Robert Bigelow, as one of Silver State's corporate officers and directors, and a

---

[1]This court issued an unpublished order of affirmance in this matter on December 26, 2006. Respondent then filed a motion to publish that decision as an opinion. The motion is unopposed. Cause appearing, we grant the motion and issue this opinion in place of our prior unpublished decision. Since we reached this decision before January 1, 2007, THE HONORABLES MICHAEL A. CHERRY and NANCY M. SAITTA, Justices, did not participate in the decision of this appeal.

major shareholder, was personally liable, as a responsible person,[2] for Silver State's tax deficiency. After the Tax Department moved to dismiss Silver State's petition for judicial review, Bigelow offered to enter into an agreement with the Tax Department to pay Silver State's tax deficiency. Bigelow, however, qualified his proposal. He agreed to pay Silver State's tax deficiency only if the Tax Department promised to reimburse him for any payments he made if he was later found not to be a responsible person. The Tax Department rejected Bigelow's proposal, and Silver State made no further attempt to comply with NRS 360.395.[3]

The district court, finding that Silver State had not met NRS 360.395(1)'s requirements, dismissed Silver State's petition. Thereafter, Silver State timely appealed.

## DISCUSSION

Silver State argues that the district court improperly dismissed its petition for judicial review when it determined that Silver State had failed to comply with NRS 360.395(1).[4] Silver State concedes that it did not satisfy NRS 360.395(1) by either paying the determination amount or entering into an agreement to do so at a later date. Nevertheless, it contends that it could not pay the amount and would have complied with the statute by entering into a written agreement to pay the amount at a later date. But Silver State refused to enter an agreement that fully met NAC 360.452's terms, asserting that NAC 360.452[5] impermissibly exceeds the scope of

---

[2]*See* NRS 360.297(2) (defining ''responsible person'' as a corporate officer ''whose job or duty it is to collect, account for or pay'' Nevada taxes on behalf of the corporation).

[3]While Silver State's petition for judicial review was pending, a hearing officer upheld the Tax Department's determination that Bigelow is personally liable as a responsible person for Silver State's tax deficiency, and the Tax Commission affirmed that decision.

[4]NRS 360.395 provides,

1. Before a person may seek judicial review pursuant to NRS 233B.130 from a final order of the Nevada Tax Commission upon a petition for redetermination, he must:
    (a) Pay the amount of the determination; or
    (b) Enter into a written agreement with the Department establishing a later date by which he must pay the amount of the determination.
2. If a court determines that the amount of the final order should be reduced or that the person does not owe any taxes, the Department shall credit or refund any amount paid by the person that exceeds the amount owed, with interest determined in accordance with NRS 360.2935.

[5]NAC 360.452 provides,

1. An agreement to pay taxes, interest and penalties in installments pursuant to NAC 360.450 or 360.456 must:
    (a) Be in writing.

the pertinent statutory scheme by mandating that a responsible person personally guarantee the agreement allowed under NRS 360.395(1). Silver State further asserts that NRS 360.395 violates its right to equal protection and that NAC 360.452 violates Bigelow's due process rights. We disagree.

*Equal protection*

As a preliminary matter, we first address Silver State's assertion that NRS 360.395 violates its right to equal protection and, therefore, is invalid. When a party contends that a statute violates its equal protection rights but does not allege the involvement of a suspect class or fundamental right, the statute is constitutional if the classification scheme created by that statute is rationally related to furthering a legitimate state interest.[6]

NRS 360.395 protects the state's legitimate interest in securing the payment of taxes. As these taxes fund public services, the payment requirement rationally relates to furthering the state's ability to do so.[7] For these reasons, we conclude that NRS 360.395 does not deprive Silver State of its right to equal protection; before seeking judicial review, its terms must be complied with.

*Validity of NAC 360.452*

We next address Silver State's contention that NAC 360.452 is invalid because it exceeds the statutory scheme's scope. Appeals involving interpretation of a statute or regulation present questions of law subject to our independent review.[8] If the words of a statute are unambiguous, this court will give those words their plain meaning.[9] Otherwise, this court will look to legislative history and

---

(b) Except as otherwise provided in this paragraph, contain a personal guaranty by two responsible persons in their individual capacities. If there is only one responsible person, the agreement must contain the personal guaranty of that person in his individual capacity.

(c) Be accompanied by the initial payment required by the terms of the agreement.

2. As used in this section, "responsible person" has the meaning ascribed to it in subsection 2 of NRS 372.398.

[6]*State Farm v. All Electric, Inc.*, 99 Nev. 222, 225, 660 P.2d 995, 997 (1983).

[7]*E.g.*, *Ortwein v. Schwab*, 410 U.S. 656 (1973) (upholding filing fee required as a precondition to obtaining judicial review of reductions in welfare payments); *United States v. Kras*, 409 U.S. 434 (1973) (upholding the filing fee required as a precondition to obtaining a discharge in bankruptcy).

[8]*Meridian Gold v. State, Dep't of Taxation*, 119 Nev. 630, 633, 81 P.3d 516, 518 (2003); *State, Div. of Insurance v. State Farm*, 116 Nev. 290, 293, 995 P.2d 482, 484-85 (2000).

[9]*Meridian Gold*, 119 Nev. at 633, 81 P.3d at 518.

rules of statutory construction in determining the statute's meaning.[10] Statutory construction rules also apply to administrative regulations.[11]

The Tax Commission has authority to adopt regulations to carry out the mandates of NRS 360.395.[12] Accordingly, the Tax Commission implemented NAC 360.452 to regulate the type of "written agreement" that the statute allows the Tax Department to enter into. In so doing, it was required to interpret the statute. We will defer to the Tax Commission's interpretation of NRS 360.395 if that interpretation.is within the provision's statutory language.[13] We note that the Legislature's acquiescence to the Tax Commission's reasonable statutory interpretation by not modifying the statute indicates that the interpretation accords with legislative intent.[14]

NRS 360.395(1) allows a person, before seeking judicial review of a final Tax Commission decision, to "[e]nter into a written agreement with the Department" to pay the deficiency amount at a later date, instead of immediately paying the sum. In 2001, under authority of NRS 360.090 and NRS 360.2915, the Tax Commission adopted NAC 360.452(1), which requires that written agreements to pay taxes in installments be personally guaranteed by a responsible person. Since that time, the Legislature has not altered the prerequisites for seeking judicial review set forth in NRS 360.395.

NAC 360.452 does not exceed statutory authority. The Legislature granted the Tax Department the authority to collect taxes by written agreements, and NAC 360.452 directly relates to such written agreements. Also, the Legislature has not modified the statutory provision allowing for written agreements since the Tax Commission adopted the regulation. Consequently, Silver State was required to comply with this regulation in entering into any NRS 360.395 agreement with the Department, and its failure to do so properly resulted in the district court's dismissal of its petition for judicial review. Because Silver State does not have standing to raise the issue, we do not address whether Bigelow's due process rights have been violated.[15]

---

[10]*Id.*

[11]*Id.*

[12]NRS 360.090. As to the collection of taxes, NRS 360.2915(2) grants the Department the authority to adopt regulations providing for the payment of taxes in installments pursuant to a written agreement.

[13]*Meridian Gold*, 119 Nev. at 635, 636, 81 P.3d at 519, 520.

[14]*Id.* at 636-37, 81 P.3d at 520.

[15]*Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (stating that to assert the rights of a third party, the third party must, inter alia, have been prevented from bringing its own claim); *see Tarango v. SIIS*, 117 Nev. 444, 426, 25 P.3d 175, 187 (2001) (MAUPIN, C. J., concurring and dissenting).

## CONCLUSION

We conclude that NAC 360.452 is a valid regulation and that it does not exceed statutory authority. We also conclude that NRS 360.395 does not violate Silver State's right to equal protection. Therefore, we affirm the district court's order dismissing Silver State's petition for judicial review.

MAUPIN, C. J., HARDESTY, PARRAGUIRRE and DOUGLAS, JJ., concur.