135 Nev., Advance Opinion 14

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF RENO,<br>Appellant,<br>vs.<br>JODY YTURBIDE,<br>Respondent. | No. 73971<br><br>FILED<br><br>MAY 02 2019 |

Appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

*Affirmed.*

McDonald Carano LLP and Timothy E. Rowe and Lisa M. Wiltshire Alstead, Reno,
for Appellant.

Hutchison & Steffen, LLC, and Jason D. Guinasso, Reno,
for Respondent.

Kemp & Kemp and James P. Kemp, Las Vegas; The Law Firm of Herb Santos, Jr., and Herb J. Santos, Jr., Reno,
for Amicus Curiae Nevada Justice Association.

BEFORE PICKERING, PARRAGUIRRE and CADISH, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

This workers' compensation matter raises an issue pertaining to an injured employee's entitlement to a lump-sum payment for a permanent partial disability (PPD) award. Under NRS 616C.495 and NAC

19-19282

616C.498, an injured employee may elect to receive a lump-sum payment for a PPD award. However, if the employee's PPD rating exceeds a 25-percent whole person impairment (WPI), the employee may only elect to receive a lump-sum payment for up to 25 percent of the rating, and for anything exceeding that 25 percent, the employee must receive payments in installments. This appeal requires us to decide whether a workers' compensation insurer can reduce the 25-percent lump-sum-payment limit for an employee's PPD award when that employee has already received a lump-sum payment for a previous PPD award. We conclude that there is no legal basis to justify such a reduction, and we are unwilling to read any such justification into Nevada's statutory workers' compensation scheme when the statutory scheme is otherwise silent on the issue. Accordingly, the appeals officer correctly rejected appellant's position, and we affirm the district court's denial of appellant's petition for judicial review.

## FACTS AND PROCEDURAL HISTORY

Respondent Jody Yturbide worked as a public safety dispatcher for appellant City of Reno (the City), during which time she received three separate PPD awards.[1] As a result of a 2008 industrial injury to her wrist, Yturbide received a 5-percent WPI rating and elected to obtain a lump-sum PPD payment. In 2011, Yturbide suffered another industrial injury, this time to her elbow, and received a 2-percent WPI rating, for which she elected to obtain another lump-sum PPD payment. Finally, in 2014, Yturbide suffered an industrial injury to her back, for which she received a 33-percent WPI rating.

With respect to Yturbide's third PPD payment, the City disputed the extent to which Yturbide was entitled to a third lump-sum

---

[1]The City is self-insured, meaning it provides its own workers' compensation coverage, as is permitted by NRS 616B.615.

payment. Relying on NRS 616C.495(1)(d) (2007) and NAC 616C.498 (1996), the City offered Yturbide an 18-percent lump-sum payment, based on the City's belief that the statute and regulation permitted the City to deduct Yturbide's previous two PPD lump-sum payments.[2] Specifically, under the versions of the statute and regulation in effect at the time of Yturbide's injury to her back, NRS 616C.495(1)(d) provided that "[a]ny claimant injured on or after July 1, 1995, may elect to receive his or her compensation in a lump sum in accordance with regulations adopted by the Administrator [of the Division of Industrial Relations of the Department of Business and Industry]." NRS 616C.495(1)(d) (2007). In turn, the Administrator promulgated NAC 616C.498, which provided that

> [a]n employee injured on or after July 1, 1995, who incurs *a permanent partial disability that . . . [e]xceeds 25 percent* may elect to receive his compensation in a lump sum equal to the present value of an award for a disability of 25 percent. *If the injured employee elects to receive compensation in a lump sum pursuant to this subsection, the insurer shall pay in installments to the injured employee that portion of the injured employee's disability in excess of 25 percent.*

NAC 616C.498(2) (1996) (emphases added).

---

[2]This opinion addresses the versions of NRS 616C.495(1)(d) and NAC 616C.498 that were in effect at the time of Yturbide's third injury. *See* NRS 616C.425(1) ("The amount of compensation and benefits . . . must be determined as of the date of the accident or injury . . . ."). Although NRS 616C.495(1)(d) was amended in 2017 to expressly include NAC 616C.498's language that is at issue in this case, *see* 2017 Nev. Stat., ch. 216, § 9, at 1167, there is no indication that the amendment was intended to accomplish anything other than to codify the provisions of the regulation. *See* Hearing on A.B. 458 Before the Assembly Commerce & Labor Comm., 79th Leg. (Nev., March 29, 2017); *see also* Hearing on A.B. 458 Before the Senate Commerce, Labor & Energy Comm., 79th Leg. (Nev., May 17, 2017). After it was codified in NRS 616C.495, NAC 616C.498 was repealed. *See* Legislative Counsel Bureau File No. R127-17 (effective Jan. 30, 2019).

Supreme Court
OF
Nevada

(O) 1947A

3

According to the City, because NRS 616C.495(1)(d) and NAC 616C.498 provided a 25-percent lump-sum-payment limit, and because Yturbide had already obtained two previous lump-sum PPD payments totaling 7-percent WPI, the City was permitted to subtract Yturbide's previous lump-sum PPD payments from the 25-percent limit. Thus, according to the City, Yturbide was entitled only to an 18-percent lump-sum payment for her back injury, with the remaining 15 percent to be paid in installments.

Yturbide appealed this determination concerning her third PPD award by requesting a hearing before the Department of Administration Hearings Division. Following a hearing, the hearing officer found that, pursuant to NAC 616C.498, the City had erred in its 18-percent lump-sum calculation, and further found that Yturbide was entitled to a 25-percent lump-sum payment, with the remaining 8 percent to be paid in installments. The City then appealed the hearing officer's decision and requested a hearing before the Department of Administration Appeals Office. An appeals officer affirmed the hearing officer's decision, concluding, among other things, that NAC 616C.498 did not support the City's position that it was entitled to reduce Yturbide's lump-sum payment for her third PPD award based on Yturbide having already received lump-sum payments for previous PPD awards. The City then petitioned the district court for judicial review of the appeals officer's decision. The district court affirmed the appeals officer's decision, thereby denying the City's petition. This appeal followed.

## DISCUSSION

On appeal from a district court order denying a petition for judicial review, this court reviews an appeals officer's decision in the same manner that the district court reviews the decision. *Vredenburg v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

*Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087 (2008). Here, the sole issue pertains to the construction of NAC 616C.498, which is an issue of law that this court reviews de novo. *See Maxwell v. State Indus. Ins. Sys.*, 109 Nev. 327, 329, 849 P.2d 267, 269 (1993) ("The construction of a statute is a question of law, and independent appellate review of an administrative ruling, rather than a more deferential standard of review, is appropriate."); *see also Silver State Elec. Supply Co. v. State, Dep't of Taxation*, 123 Nev. 80, 85, 157 P.3d 710, 713 (2007) ("Statutory construction rules also apply to administrative regulations."). "Where the language of the statute is plain and unambiguous . . . , a court should not add to or alter the language to accomplish a purpose not on the face of the statute or apparent from permissible extrinsic aids such as legislative history or committee reports." *See Maxwell*, 109 Nev. at 330, 849 P.2d at 269 (internal quotation marks omitted).

Having considered the City's arguments, we conclude that the appeals officer correctly determined that NAC 616C.498 does not permit a workers' compensation insurer to use a previous PPD award that was paid in a lump sum to reduce the 25-percent lump-sum-payment limit when the employee suffers a subsequent industrial injury and obtains a subsequent PPD award. The City contends that NAC 616C.498 permits an insurer to deduct previous PPD awards when those awards were paid in a lump sum because NAC 616C.498 does not prohibit an insurer from doing so, but in our view, NAC 616C.498's silence on the issue means that the regulation is not pertinent to the issue whatsoever. *See Maxwell*, 109 Nev. at 330, 849 P.2d at 269. If anything, NAC 616C.498's references to "*a* permanent partial disability that . . . [e]xceeds 25 percent" and "that portion of *the injured employee's disability* in excess of 25 percent" (emphases added) suggest that the 25-percent limit applies on a disability-by-disability basis

and not as an aggregate cap for all disabilities an employee may have throughout his or her working career. *See Maxwell*, 109 Nev. at 330, 849 P.2d at 269.

The City alternatively contends that NRS 616C.495(1)(e)[3] or NRS 616C.490(9) require NAC 616C.498 to be construed in a manner that would permit a workers' compensation insurer to deduct previous PPD awards when computing the amount of a lump-sum payment for a subsequent PPD award. We disagree. NRS 616C.495(1)(e) simply prohibits an employee with multiple injuries from having a combined WPI rating of above 100 percent, which is a common-sense proposition and is not the case here. *Cf.* Hearing on S.B. 232 Before the Senate Commerce, Labor & Energy Comm., 78th Leg. (Nev., March 13, 2015) (explaining the purpose of what would become NRS 616C.495(1)(e)); Hearing on S.B. 232 Before the Assembly Commerce & Labor Comm., 78th Leg. (Nev., May 6, 2015) (same). And NRS 616.490(9) merely provides that

> if there is a previous disability, . . . the percentage of disability for a subsequent injury must be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury.

By its terms, NRS 616C.490(9) requires previous WPI ratings to be subtracted from an employee's entire WPI when arriving at the WPI rating for a subsequent injury. Had NRS 616C.490(9) been properly applied in this case, the physician that conducted Yturbide's WPI rating for her third

---

[3]Subsection (1)(e) did not exist at the time of Yturbide's third injury. *See* 2015 Nev. Stat., ch. 240, § 3, at 1142 (enacting subsection (1)(e)). It has since been moved to subsection (1)(g). *See* 2017 Nev. Stat., ch. 216, § 9, at 1168.

injury should have determined her entire WPI rating and then deducted the two previous WPI ratings (i.e., 5 and 2 percent) from the total WPI rating.[4] The statute says nothing about using lump-sum payments related to previous PPD awards as a justification for reducing the lump-sum payment an employee is otherwise entitled to for a subsequent PPD award. Nor has the City identified any legislative history to suggest that, in enacting NRS 616C.495(1)(e) or NRS 616C.490(9), it was the Legislature's roundabout intent to permit workers' compensation insurers to deduct previous PPD awards paid in a lump sum to reduce the 25-percent lump-sum-payment limit under NAC 616C.498. *See Maxwell*, 109 Nev. at 330, 849 P.2d at 269.

The City next contends that *Eads v. State Industrial Insurance System*, 109 Nev. 733, 857 P.2d 13 (1993), supports its position, but again, we disagree. In *Eads*, an employee sustained a work-related injury and was given a 19-percent PPD award, which the employee accepted in a lump-sum payment. 109 Nev. at 734, 857 P.2d at 14. The employee subsequently reopened his claim because the same injury required additional treatment, and he received a 16-percent PPD award over and above the original award. *Id.* at 734-35, 857 P.2d at 14. At the time, a since-repealed statute (NRS 616.607(1)(c)) provided that

> [a]ny claimant . . . who incurs a disability that exceeds 25 percent may elect to receive his compensation in a lump sum equal to the present value of an award for a disability of 25 percent. If the claimant elects to receive compensation pursuant to this paragraph, the insurer shall pay

---

[4]Although the rating physician did not actually follow NRS 616C.490(9) in this case, failure to follow the statute does not change the meaning of the statute.

in installments to the claimant that portion of the claimant's disability in excess of 25 percent.[5]

*Eads*, 109 Nev. at 735 n.1, 857 P.2d at 15 n.1.

On appeal, this court addressed whether the employee could seek the entire subsequent 16-percent PPD award in a lump-sum payment, or whether the 16-percent PPD award needed to be combined with the previous 19-percent PPD award, such that the employee could only receive an additional 6-percent lump-sum payment before reaching the statute's 25-percent limit. This court concluded that the statute's 25-percent limit unambiguously applied to "*a disability*" and that, consequently, "where . . . an injured worker's case is reopened for further treatment and evaluation of the original disability, NRS 616.607(1)(c) applies to the combined disability allowance and limits any lump sum payments to a total of twenty-five percent." *Id.* at 735-36, 857 P.2d at 15.

We are not persuaded that *Eads* has any bearing on whether NAC 616C.498 permits a workers' compensation insurer to reduce the 25-percent limit based on a previous PPD award paid in a lump sum that an employee received for a *different* disability. If anything, *Eads* supports the proposition that NAC 616C.498's 25-percent limit should be applied on a disability-by-disability basis. Put simply, the City has not provided this court with any statutory, regulatory, or common-law authority to support its position that previous PPD awards that were paid in a lump sum can be used to reduce NAC 616C.498's 25-percent lump-sum limit for a subsequent PPD award related to a different disability. While we are cognizant of the City's public-policy arguments, those arguments are better directed to the Legislature, which, as of yet, has not enacted legislation pertaining to the

---

[5]Notably, the relevant language in this statute is substantively identical to the language in NAC 616C.498.

issue presented in this case. Accordingly, the appeals officer correctly determined that Yturbide is entitled to a lump-sum payment for the first 25 percent of her most recent WPI rating and PPD award, with the remaining 8 percent to be paid in installments. We therefore affirm the district court's denial of the City's petition for judicial review.

_____, J.
Parraguirre

We concur:

_____, J.
Pickering

_____, J.
Cadish