# IN THE SUPREME COURT OF THE STATE OF NEVADA

CMM-CM, LLC, D/B/A MULLER
CONSTRUCTION, A NEVADA LLC,
Appellant,
vs.
NEVADA STATE LABOR
COMMISSIONER, A NEVADA
ADMINISTRATIVE AGENCY; LOUIS
DESALVIO; SALVADOR PLASCENCIA;
AND ROBERT CONWAY,
Respondents.

No. 81570

FILED

JUL 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in an administrative matter. First Judicial District Court, Carson City; James Todd Russell, Judge.[1]

The Clark County Purchasing and Contracts Division (Clark County) awarded appellant CMM-CM, LLC, D/B/A/ Muller Construction (Muller) a public works project (the Bollard Project) that consisted of installing barriers along a stretch of Las Vegas Boulevard. Respondents Louis DeSalvio, Salvador Plascencia, and Robert Conway (the complainant respondents) filed complaints against Muller with respondent Nevada State Labor Commissioner ("Office of the Labor Commissioner" or "OLC"), which referred the complaints to Clark County. As relevant here, the complaints generally alleged that Muller had violated NRS 338.020 by failing to pay a prevailing wage to employees that assembled the barriers at a lot adjacent to Muller's office before those barriers were transported to and installed at

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-19799

the Bollard Project's work site. Clark County issued a determination that Muller's lot was not a "site of a public work" as that term is defined in NAC 338.009(2), and that Muller was therefore not required to pay the employees a prevailing wage for work performed at its lot. The complainant respondents objected to Clark County's determination, after which Clark County issued another determination in late March 2018, reiterating that Muller had not violated NAC 338.009(2).

Two of the complainant respondents again objected, and in early April 2018, an investigator for OLC sent Muller's counsel a letter informing counsel that the objection was being investigated and asking counsel for relevant information. Following a roughly 1-year investigation, OLC's investigator issued a determination in April 2019 that modified Clark County's March 2018 determination. In particular, the investigator determined that Muller *had* violated NAC 338.009(2) because its lot *was* a "site of a public work," such that Muller was required to pay employees a prevailing wage for work performed at the lot. The investigator's determination found Muller liable for unpaid wages, imposed a $130,000 administrative penalty on Muller, and disqualified Muller from being awarded any public works contracts for three years.

Muller objected to the investigator's modified determination on the grounds that: (1) OLC (via its investigator) lacked jurisdiction to issue the April 2019 modified determination because OLC failed to do so within the 30-day time limit that NAC 338.112(1) imposes for issuing such a modification, which ran from Clark County's March 2018 determination; or, alternatively (2) Muller was not required to pay employees a prevailing wage for work done at Muller's lot because the *other activities* Muller performed at its lot precluded the lot from being a "site of a public work" as

that term is defined in NAC 338.009(2). Following an administrative hearing, OLC affirmed the investigator's determination in all respects, except that the administrative penalty was reduced to $56,000. Muller petitioned for judicial review, which the district court denied, and this appeal followed, wherein Muller reiterates the same two arguments.

"On appeal from a district court order denying a petition for judicial review, this court reviews an [administrative agency's] decision in the same manner that the district court reviews the decision." *City of Reno v. Yturbide*, 135 Nev. 113, 115, 440 P.3d 32, 34 (2019) (internal quotation marks omitted). We will not overturn an administrative agency's decision if that decision is supported by substantial evidence and not clearly erroneous. *See City Plan Dev., Inc. v. Off. of Lab. Comm'r*, 121 Nev. 419, 426, 117 P.3d 182, 187 (2005); *see also* NRS 233B.135(3)(e). "[S]ubstantial evidence means evidence which a reasonable mind might accept as adequate to support a conclusion." NRS 233B.135(4). Additionally, "[w]hile this court reviews purely legal questions de novo, an [administrative agency's] conclusions of law, which will necessarily be closely tied to the hearing officer's view of the facts, are entitled to deference on appeal." *City Plan Dev., Inc.*, 121 Nev. at 426, 117 P.3d at 187.

*Substantial evidence supports OLC's finding that Muller agreed to extend NAC 338.112(1)'s 30-day time limit and therefore waived any argument that OLC failed to comply with that time limit*

Muller contends that OLC lacked jurisdiction to enter its April 2019 modified determination based on NAC 338.112(1) (2004),[2] which

---

[2]NAC 338.112 was amended effective June 8, 2020. *See* Approved Regulation of the Labor Comm'r, LCB File No. R018-18 (2020). We apply the version of NAC 338.112 that was in effect during this case's relevant time frame.

required OLC to do one of five things within 30 days of receiving Clark County's March 2018 determination, none of which OLC did. OLC rejected this argument, concluding that Muller waived any argument regarding NAC 338.112(1)'s 30-day time limit because Muller agreed to extensions of that time limit in order to allow Muller to submit documentation in support of its case. OLC also concluded that NAC 338.112(1)'s 30-day time limit was not jurisdictional because sub-subsection (e) of that regulation authorizes OLC to *decline* to assert jurisdiction over an awarding body's determination, with the implication being that OLC's *inaction* cannot deprive OLC of jurisdiction. Muller has not coherently taken issue with OLC's first conclusion, and having reviewed the record, we cannot conclude that conclusion is clearly erroneous.[3] *City Plan Dev., Inc.*, 121 Nev. at 426, 117 P.3d at 187; *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is an appellant's responsibility to present cogent arguments supported by salient authority). With regard to OLC's second determination, we agree with OLC's construction of NAC 338.112(1) insofar as OLC concluded that a failure to

[3]Alternatively, OLC observes that one of the things NAC 338.112(1) requires OLC to do within the 30-day time limit is to "[s]et the matter . . . for an administrative hearing." NAC 338.112(1)(d). Here, OLC argues that it did the functional equivalent of this by scheduling a "prehearing conference" within 30 days of receiving Clark County's first determination, at which the actual administrative hearing date was to be scheduled. Muller does not address this argument, which we otherwise conclude is a viable alternative basis to uphold OLC's determination that it did not violate NAC 338.112(1). *Cf. Checker Cab Co. v. State*, 97 Nev. 5, 9, 621 P.2d 496, 498 (1981) ("Where a procedural dereliction, as in this case, is relatively unimportant, and the rights of other parties to the agency proceeding are not prejudiced, substantial compliance with procedural requirements is adequate.").

act within 30 days does not deprive OLC of jurisdiction over a particular matter. *See Yturbide*, 135 Nev. at 115, 440 P.3d at 35 (reviewing de novo an administrative agency's statutory construction); *Silver State Elec. Supply Co. v. State, Dep't of Taxation*, 123 Nev. 80, 85, 157 P.3d 710, 713 (2007) ("Statutory construction rules also apply to administrative regulations."). Accordingly, we conclude that Muller waived any alleged procedural improprieties that preceded the issuance of OLC's April 2019 modified determination.[4] *Cf. Hubbard v. State*, 110 Nev. 671, 677, 877 P.2d 519, 522 (1994) ("[T]he statute of limitations is a non-jurisdictional affirmative defense that must be asserted by the defendant or else it is waived.").

*Substantial evidence supports OLC's determination that Muller's other activities at its lot did not satisfy NAC 338.009(2)'s exception to the definition of "site of a public work"*

Muller contends that OLC erred in determining that its lot was a "site of a public work." NAC 338.009(2) defines "site of a public work" as follows:

> "[S]ite of a public work" includes job headquarters, a tool yard, batch plant, borrow pit or any other location that is established for the purpose of executing the contract for the public work or that is dedicated exclusively, or nearly so, to executing the contract for the public work. *The term does not include* a permanent home office, branch plant establishment, fabrication plant, tool yard or any other operation of a contractor, subcontractor or supplier *if the location or the continued*

---

[4]In light of this conclusion, we need not address the parties' arguments regarding whether NAC 607.040 authorized OLC to extend NAC 338.112(1)'s 30-day time limit, and if it did, whether OLC properly did so.

*existence of the operation is determined without regard to a particular public work.*

Emphases added.

Muller contends that it produced evidence at the hearing sufficient to establish that its lot fell within NAC 338.009(2)'s exception. However, OLC found that aside from the Bollard Project, Muller predominantly used its lot as a staging area for improvements to its own office building and as a preparation area for its workers to perform their daily tasks—i.e., uses that would not support the lot's "continued existence . . . without regard to [the Bollard Project]." Given the conflicting evidence in the record regarding the extent to which Muller used its lot for projects other than the Bollard Project, we are not persuaded that OLC clearly erred in determining that Muller failed to satisfy NAC 338.009(2)'s exception. *City Plan Dev., Inc.*, 121 Nev. at 426, 117 P.3d at 187 ("While this court reviews purely legal questions de novo, a hearing officer's conclusions of law, which will necessarily be closely tied to the hearing officer's view of the facts, are entitled to deference on appeal."). Accordingly, we conclude that substantial evidence supports OLC's finding that Muller's lot was a "site of a public work" under NAC 338.009(2) and that Muller was required to pay a prevailing wage to the employees working there in connection with the Bollard Project.

Consistent with the foregoing, the district court correctly denied Muller's petition for judicial review.[5] We therefore

---

[5]In reply to an argument raised in Salvador Plascencia's answering brief, Muller argues that NRS 338.035 prohibited OLC from imposing more than a $50-dollar-per-day penalty. The district court rejected this argument in denying Muller's petition for judicial review, reasoning that OLC imposed the $56,000 administrative penalty under NRS 338.015, not NRS 338.035,

ORDER the judgment of the district court AFFIRMED.[6]

_____, C.J.
Hardesty

_____, J.        _____ S.J.
Parraguirre                                              Gibbons

cc:     Hon. James Todd Russell, District Judge
        Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
        Kern Law, Ltd.
        Attorney General/Carson City
        DeCarlo Shanley
        Law Offices of Kristina L. Hillman
        Carson City Clerk

---

and that NRS 338.035(4) expressly provides that NRS 338.035's penalty provisions are "[i]n addition to any other remedy or penalty provided in this chapter." Muller has not explained why the district court's analysis in this respect was erroneous, and we therefore decline to disturb OLC's imposition of the $56,000 administrative penalty.

[6]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.